Dear Mr. Chaisson:
On behalf of the Port of South Louisiana ("Port"), you have requested an Attorney General's Opinion on the Port's ability to use public funds to purchase and/or reimburse employees for the purchase of alcoholic beverages consumed during marketing or client development oriented events. You have also requested our opinion on whether it is permissible for the Port's public employees and officials to partake in the consumption of alcoholic beverages with existing or potential clients.
As indicated in your request, the Port is statutorily charged to stimulate the commerce and industry of the Port area. See La. R.S. 34:2743.1(B). Pursuant to this mandate, the Port has recognized and experienced that it is beneficial to the Port to market itself to potential and existing clients. The Port has also recognized that the purchase of alcoholic beverages in connection with these marketing efforts is beneficial.
In connection with your request, you make specific reference to Attorney General Opinion No. 02-0125, which in your view, retreats from previous opinions and opines that it may be reasonable for the South Louisiana Port Commission or its agents to purchase alcoholic beverages for its customers during lunches or dinners. However, Opinion No. 02-0125 failed to consider in circumstances where the purchase of alcoholic beverages for a public official or public employee is permissible, whether the purchase should be by direct payment or reimbursement.
As a practical matter, we note that the propriety of purchasing food and beverages with public funds has been addressed by a number of prior Attorney General Opinions. See generally Attorney General Opinion Nos. 90-63, 92-737, 96-458, 99-358, 02-0125. In reaching such conclusions, our office adhered to the standard articulated by the Louisiana Supreme Court in City of Port Allen, Louisiana v. Louisiana Mun. Risk Mgmt.Agency, Inc., 439 So.2d 399 (La. 1983). There, the Louisiana Supreme Court held that *Page 2 
Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so".
The Attorney General in a long series of opinions interpreted the constitutional prohibition of Article VII, Section 14 to require a three-fold predicate for the lawful expenditure of public funds. First, the political subdivision must have either a legal obligation or delegated authority to do so. Second, the non-gratuitous alienation of public funds must be for a public purpose and third, it must create a public benefit proportionate to the value of the public property or funds alienated or transferred. Therefore, the Attorney General's three-point analyses of Article VII, Section 14 questions legal obligation, public benefit and proportionality.
Recently, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found the previous Article VII, Section 14 standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard essentially holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether the purchase of food and beverages amounts to a gratuitous alienation of public funds, ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting such factual evaluations. However, we would like to take the opportunity to reiterate the "reasonableness" standard expressed in Attorney General Opinion No. 02-0125. It does not matter what one eats or drinks. The primary concern is the reasonableness of the expenditure under the circumstances. Attorney General Opinion Nos. 96-458 and 99-358 are re-called.
Turning attention to your question concerning the disbursement of public funds, we note that the Louisiana Division of Administration's Travel Guide 2006-07 sets forth the procedure for processing claims for reimbursement for travel and further prohibits reimbursement for alcohol. However, this Office could find no legislative or jurisprudential mandate requiring the disbursement of public funds be accomplished by either direct payment or reimbursement. Accordingly, it is the opinion of this Office that the method of disbursing public funds may be left to the discretion of the disbursing party.
Turning attention to your next question of whether it is permissible for the Port's public employees or officials to partake in the consumption of alcoholic beverages, this Office recognizes that there are a number of state and federal statutes, rules, and regulations *Page 3 
that address the consumption of alcohol[1] . This Office stands by those statutes, rules, and regulations, and declines to issue an opinion on such matters.
We hope this adequately responds to your request. If you should have any questions, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] See generally La.R.S. 26:1, et.seq., The Alcoholic Beverage Control Law, La. R.S. 14:91.7, La. R.S. 93.1-93.15, 27 USCA § 214, Federal Alcohol Administration Act.